IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL CRAIG PATTERSON, )
)
        Petitioner, )
)
v. ) 1:16CV481
) 2:96CR246-2
UNITED STATES OF AMERICA, )
)
        Respondent. )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted what the Court treated as a Motion [Doc. #110] to vacate, set aside, or correct his sentence, followed by what he himself labeled as a Motion under § 2255 and what the Court filed as an Amended Motion [Doc. #111]. Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Petitioner lists a single ground for relief in his Motion and Amended Motion, which claims that his conviction and sentence under 18 U.S.C. § 924(c)(1)(A)(ii) is no longer valid in light of Johnson v. United States, 576 U.S. ____, 135 S.Ct. 2551 (2015). Petitioner pled guilty in this Court to one count of bank robbery in violation of 18 U.S.C. § 2113 (a), one count of bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d), one count of kidnapping during a bank robbery in violation of 18 U.S.C. § 2113(e), and one count of carrying or using a firearm during and in relation to a crime of violence in violation

of 18 U.S.C. § 924(c)(1)(A)(ii). Relying on Johnson, Petitioner's Motion contends that his convictions under § 2113 are no longer classified as crimes of violence that will support a conviction under § 924(c). The decision in Johnson did not involve § 924(c), but instead restricted the definition of "crime of violence" under the Armed Career Criminal Act. It remains unclear whether, and to what extent, Johnson may affect the definition of "crime of violence" as the term applies in § 924(c). However, it clearly does not affect Petitioner's § 924(c) conviction because the United States Court of Appeals for the Fourth Circuit held in United States v. McNeal 818 F.3d 141, 157 (4th Cir. 2016), that both bank robbery and armed bank robbery under § 2113 remain crimes of violence which will support a conviction under § 924(c) even following Johnson. That decision is binding on this Court. Petitioner's conviction under § 924(c)(1)(A)(ii) remains valid, he states no claim for relief, and his Motion and Amended Motion should be dismissed. In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #110] and Amended Motion [Doc. #111] to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 19th day of December, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge